IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

DALE A. CALLWOOD,                          )
                                           )
                Plaintiff,                 )
                                           )
vs.                                        )            Civil No. 2019-46
                                           )
HORACIONA JEAN SALOMAN DE                  )
ROJAS, *et al.*,                           )
                                           )
                Defendants.                )
                                           )
_____   )

## ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on the application [ECF 2] of *pro se* plaintiff Dale A.

Callwood to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and for an initial screening

of his complaint pursuant to 28 U.S.C. § 1915(e)(2).[1]  The Court finds Callwood has demonstrated

his inability to pay the required court costs.[2]  However, for the reasons set forth below, the Court

recommends the complaint be dismissed without prejudice.

### I.    FACTUAL ALLEGATIONS

This matter arises out of an alleged property dispute.[3]  Although is not entirely clear,

---

[1] Section 1915(a)(1) provides that "any court of the United States may authorize the commencement . . . of any suit, . . ., civil or criminal, . . . , without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1) (alteration in original); *see Leatherman v. Obama*, 2012 WL 5398856, at *1 n.1 (W.D. Pa. Oct. 22, 2012) (holding § 1915(a) is not limited to prisoner suits) (citing *Jones v. NATO*, 1998 WL 136511, at *1 n.1 (E.D. Pa. Mar. 23, 1998)).

[2] The complaint also lists Corrine Callwood as a plaintiff, although she did not sign the complaint.  Dale Callwood cannot represent her; she must either appear *pro se* and execute the complaint, or be represented by an attorney.

[3] Plaintiff used Form VI-NP-CR, a form for non-prisoner pro se civil rights complaints.  Therein, he alleges that his rights under the Fifth and Fourteenth Amendments were violated.  [ECF 1] at 2.

*Callwood v. De Rojas, et al.,*
Civil No. 2019-46
Page 2

Callwood appears to be claiming that defendant De Rojas asserted ownership over property on St. Thomas that belongs to plaintiff and that defendant Frometa performed unauthorized work on the property. [ECF 1] at 3. In addition, Callwood appears to be claiming that various defendants entered into unauthorized agreements relating to the subject property and that defendant Augustine is living on the property without permission. *Id.* Callwood seeks an injunction directing defendants to cease their "illegal activities;" he does not seek money damages. *Id.* at 4.

## II.    STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, a court must screen the complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. "A complaint is malicious when it 'duplicates allegations of another [] federal lawsuit by the same plaintiff.'" *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-60 (D. Del. 2009) (alteration in original) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass").

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Where applicable, a court must also consider whether the law affords certain governmental entities and officials immunity against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

## III.    DISCUSSION

Federal subject matter jurisdiction is limited by statute. Most often, such jurisdiction exists in actions in which the plaintiff's claim raises a federal question or in which there is diversity of citizenship between the plaintiff and the defendant. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, the plaintiff must allege a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction based on diversity of citizenship requires the plaintiff to demonstrate that none of the defendants holds citizenship in the same state as the plaintiff, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

On its face, the complaint does not state the basis for this Court's jurisdiction. However, on the Civil Cover Sheet, Callwood indicates that the basis of this Court's jurisdiction is the fact that plaintiff is the U.S. government, which is clearly not the case.[4] The Court will therefore consider whether either diversity or federal question jurisdiction exists.

---

[4] The cover sheet indicates the cause of action is brought under 42 U.S.C. § 1983. [ECF 1-1].

*Callwood v. De Rojas, et al.,*
Civil No. 2019-46
Page 4


A.      Diversity Jurisdiction

"To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity

statute, diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of

the defendants." *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).  Here, although

Callwood does not identify his citizenship, he provides a St. Thomas address for both himself and

defendant Frometa.  *See* [ECF 1] at 1-2.  Thus, it appears as though complete diversity is lacking.

In any event, Callwood fails to satisfy the second prong of diversity jurisdiction because he fails

to allege that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

B.      Federal Question Jurisdiction

Federal question jurisdiction is also absent, as Callwood has not alleged a plausible claim

for relief under federal statutory or constitutional law.  The most liberal reading of his filings

suggests that defendants may have violated local Virgin Islands property law, which requires either

the application of the Virgin Islands Code, or Virgin Islands common law.  In other words, despite

claiming violations of the Fifth and Fourteenth Amendments to the U.S. Constitution or a cause of

action under 42 U.S.C. § 1983, Callwood has not alleged a plausible claim for relief under any of

those constitutional or statutory provisions.  Thus, he has not stated any basis for federal question

jurisdiction.  *See Tamarind Resort Assocs. v. V.I.*, 138 F.3d 107, 113-14 (3d Cir. 1998) ("In 1984,

Congress amended the Revised Organic Act[, the de facto Virgin Islands' constitution,] and

effectively eliminated the District Court['s . . .] original jurisdiction over local matters.  Congress

amended section 1612(b) by granting the district court only original jurisdiction over federal

questions, diversity actions and any local matters 'the jurisdiction over which is not then vested by

local law in the local courts of the Virgin Islands.'  48 U.S.C. § 1612(b) (1994)."); *see also Lepre*

*Callwood v. De Rojas, et al.,*
Civil No. 2019-46
Page 5

*v. City of Scranton Police*, 2013 WL 1498028, at *4 (M.D. Pa. Mar. 11, 2013) ("[A]bsent diversity

of citizenship or properly pleaded federal claims, [plaintiff] may not simply insist that [the federal]

court preside over what are essentially state law property boundary disputes.").

### IV.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Callwood's application to proceed

*in forma pauperis* is ALLOWED.  In addition, this Court RECOMMENDS that his complaint be

DISMISSED WITHOUT PREJUDICE, and that he be permitted to amend his complaint within a

time certain if he so chooses.[3]

Any objections to this Report and Recommendation must be filed in writing within 14 days

of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved

party from attacking such Report and Recommendation before the assigned District Court Judge.

28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:**  February 7, 2020                    S_____
                                        **RUTH MILLER**
                                        United States Magistrate Judge

---

[3] *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  A complaint that sets forth facts which affirmatively demonstrate that the *pro se* plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).