DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DALE A. CALLWOOD, )<br>)<br>          **Plaintiff,**   )<br>)<br>          v.                 )<br>)<br>HORACIONA JEAN SALOMON DE ROJAS, *et al.*, )<br>)<br>          **Defendants.** )<br>) | Case No. 3:19-cv-0046 |

## ORDER

**BEFORE THE COURT** is the Order and Report and Recommendation ("R&R") of the Magistrate Judge. (ECF No. 3.) In her R&R, the Magistrate Judge recommends that the Court dismiss the complaint without prejudice, with leave to file an amended complaint. R&R at 5. For the reasons discussed below, the Court will adopt the R&R.

*Pro se* Plaintiff filed his Complaint (ECF No. 1) and Motion to Proceed *In Forma Pauperis* (ECF No. 2) on July 1, 2019. On February 7, 2020, the Magistrate Judge entered an order granting the motion to proceed *in forma pauperis* and the R&R currently being considered. (ECF No. 3.) On February 10, 2020, a copy of the said Order and R&R was sent to Plaintiff by certified mail. *See* Hard Copy Notice of filing (docket entry dated 2/10/2022) and Certified Mail return receipt (ECF No. 4). The record is devoid of any objection to the R&R filed by Plaintiff.

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing . . . ."), the 14-day time period within which a party may object to a

*Callwood v. Salomon De Rojas*
Case Number 3:19-cv-0046
Order
Page 2 of 3

magistrate judge's report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that, when a party is served with a report and recommendation by mail, the period to file objections is 17 days). The time within which a party may make objections may be extended by the Court upon a timely motion for an extension of time demonstrating good cause for the extension. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend that time . . . if a request is made, before the original time . . . expires.").

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See, e.g., Henderson v. Carlson*, 812 F. 2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

Here, the Court served Plaintiff with a copy of the R&R by mail on February 10, 2020. *See* ECF Nos. 3 and 4. As such, the deadline for Plaintiff to file objections to the February 7, 2020, R&R was February 27, 2020. To date, Plaintiff has not filed any objections nor requested an extension of time to do so. Accordingly, the Court will review the report and recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F. 3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F. 3d 1220, 1228 (3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.'" *Government of Virgin Islands v. Lewis*, 620 F. 3d 359, 364 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F. 3d 893, 897 (3d Cir. 1994)).

Reviewing the record in this case and the February 7, 2020, R&R for plain error, the Court finds no error, let alone plain error. Significantly, "[j]urisdiction in the federal courts is limited . . . and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law . . . or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest . . . ." *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 930 (3d Cir. 2011) (citations omitted). Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Id.* The Court is unable to identify any cognizable claim under federal law from the face of Plaintiff's complaint. Nor is diverse citizenship apparent. As such, the Court will adopt the February 7, 20202, report and recommendation.

The premises considered, it is hereby

**ORDERED** that the February 7, 2020, Report and Recommendation (ECF No. 3) is **ADOPTED**; it is further

**ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that Plaintiff shall have up to and including **July 12, 2022**, within which to file an amended complaint; it is further

**ORDERED** that a copy of this Order shall be served upon Plaintiff, Dale A. Callwood, by first class mail return-receipt requested.

**Dated:** June 14, 2022                  */s/ Robert A. Molloy*
                                                                  **ROBERT A. MOLLOY**
                                                                  **Chief Judge**